FILED
SUPERIOR COURT
OF GUAM

2023 MAY -2 PM 4:50

CLERK OF COURT

BY:_____

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| **PEOPLE OF GUAM,** | **Criminal Case No. CF0151-18** |
| | GPD Report Nos. 18-07732 / 18-07696 / |
| **v.** | GCAC-18-015 |
| **RICK HO CHU,** | **DECISION AND ORDER** |
| DOB: 07/05/1981 | **DENYING DEFENDANT'S MOTION TO** |
| | **DISMISS INDICTMENT** |
| Defendant. | |

### INTRODUCTION

This matter came before the Honorable Alberto C. Lamorena, III on March 7, 2023 for hearing on Rick Ho Chu's ("Defendant's") Motion to Dismiss Indictment ("Motion"). Assistant Attorney General Kristine Borja represents the People, and Assistant Public Defender Gloria Rudolph represents Defendant. Having duly considered the parties' briefs, oral arguments, and the applicable law, the Court now issues the following Decision and Order and **DENIES** Defendant's Motion.

### BACKGROUND

Defendant stands indicted on several charges, including Possession of a Firearm Without a Guam Firearms Identification Card (as a 3rd Degree Felony) ("Charge Seven") and Possession of an Unregistered Firearm (as a 3rd Degree Felony) ("Charge Eight"). See Indictment (Apr. 2, 2018).

The charges stem from allegations that police tracked a package containing illicit drugs to Defendant's residence. See Magistrate's Complaint (Mar. 14, 2018). After searching Defendant's apartment, police found a firearm that was reported stolen during a burglary in 2010. Id. Further investigation revealed that Defendant did not did not have a Guam Firearms Identification Card, nor did he register the firearm under his name. Id.

Decision and Order Denying Defendant's Motion to Dismiss Indictment
CF0151-18, *People of Guam v. Rick Ho Chu*
Page 1 of 4

On December 9, 2022, Defendant filed his Motion to Dismiss Indictment. Seeking to dismiss Charges Seven and Eight, Defendant argues the laws penalizing such conduct unconstitutionally infringe on his Second Amendment right to keep and bear arms. See Motion at 3 (Dec. 9, 2022).

The Court held a hearing on March 7, 2023. After hearing the arguments of the parties, the Court took the matter under advisement.

## DISCUSSION

I. **The challenged laws and relevant charges are as follows:**

a. **Charge Seven: Possession of a Firearm Without a Guam Firearms Identification Card (as a 3rd Degree Felony)**

Charge Seven alleges that Defendant violated 10 G.C.A. § 60106. This law states:

> No person shall own, possess, use, carry or acquire any firearm which is lawful under § 60103 unless he shall have first obtained from the Department an identification card evidencing his right to such ownership, possession, use or carrying, concealed or otherwise, as stated upon the face of the card; except that any person may use and possess a firearm at any shooting gallery licensed pursuant to § 60105, et seq., without first obtaining a permit as otherwise required by this Section. Said card shall be in the possession of the holder and on his person whenever he is using or has in his possession a firearm.

See 10 G.C.A. § 60106.

Violations of 10 G.C.A. § 60106 are treated as felonies, "punishable for a term of imprisonment of not less than three (3) years and a fine of not less than one thousand dollars ($1,000)." See 10 G.C.A. § 60121(e).

b. **Charge Eight: Possession of an Unregistered Firearm (as a 3rd Degree Felony)**

Charge Eight alleges that Defendant violated 10 G.C.A. § 60110. This law states:

> Any person purchasing, receiving by gift, device or otherwise, acquiring or otherwise coming into permanent possession of a firearm, the possession of which is permitted by this chapter, shall register the same with the Department within three (3) working days after acquiring said firearm on the forms specified by the Department. Such facts and information shall be given so as to enable the Department to record for

Decision and Order Denying Defendant's Motion to Dismiss Indictment
CF0151-18, *People of Guam v. Rick Ho Chu*
Page 2 of 4

identification purposes the firearm so registered. It shall be unlawful for any person to own or possess any firearm which has not been registered. No firearm may be registered by the Department unless the person presenting the firearm also displays current identification card evidencing his eligibility to own, possess, use or carry the firearm presented for inspection as to the facts required for registration. Any firearm registration which expires on or after March 1, 1988 or which is thereafter issued under this chapter shall be permanent for as long as the registrant retains the firearm. The Chief of Police shall promulgate rules and regulations establishing a permanent firearms identification card and a reasonable fee to cover the cost incurred.

See 10 G.C.A. § 60110.

Violations of 10 G.C.A. § 60110 are "punishable by imprisonment of not less than one (1) year and a fine of not less than one thousand dollars ($1,000)." See 10 G.C.A. § 60121(a).

## II. Legal Standard:

The "right of the people to keep and bear arms" is a long-established liberty provided by the Second and Fourteenth Amendments. See U.S. Const. amend. II.

When analyzing Second Amendment challenges, courts assess whether the challenged law is "consistent with the Second Amendment's text and historical understanding.". See *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 142 S.Ct.2111, 2118 (2022). Courts can also "use analogies to longstanding laws" to determine whether a challenged law is constitutionally permissible. Id. at 2118. This is because "reliance on history to inform the meaning of constitutional text is more legitimate, and more administrable, than asking judges to 'make difficult empirical judgments' about 'the costs and benefits of firearms restrictions.'" Id. at 2118 (internal citations omitted).

## III. Application:

10 G.C.A. §§ 60106 and 60110 are both consistent with the Nation's historical tradition of firearm regulation and are therefore constitutional. It is well established "the Second Amendment right is not unlimited. It is not a right to keep and carry any weapon whatsoever in any manner whatsoever and for whatever purpose." See *District of Columbia v. Heller*, 128 S.Ct. 2783, 2786 (2008).

Decision and Order Denying Defendant's Motion to Dismiss Indictment
CF0151-18, *People of Guam v. Rick Ho Chu*
Page 3 of 4

Looking across the Nation, there are several longstanding laws analogous to 10 G.C.A. §§ 60106 and 60110. Analogous to 10 G.C.A. § 60106, Hawaii law states that "no person shall acquire the ownership of a firearm... until the person has first procured... a permit to acquire the ownership of a firearm." See HRS § 134-2(a). Analogous to 10 G.C.A. § 60110, New Jersey law states that new residents must "register any handgun...transported into this State within 60 days." See N.J.S.A. 2C:58-3(o). Many states recognize firearm identification cards and registration systems as useful methods to curb illegal gun activity and encourage responsible gun ownership. Therefore, 10 G.C.A. §§ 60106 and 60110 are both consistent with our nation's historical understanding of the Second Amendment.

## CONCLUSION

For the reasons stated above, the Court **DENIES** Defendant's Motion. Charges Seven and Eight of the Indictment will remain as is.

**IT IS SO ORDERED** this _May 2, 2023_____.



_____
**HONORABLE ALBERTO C. LAMORENA, III**
**Presiding Judge, Superior Court of Guam**

Decision and Order Denying Defendant's Motion to Dismiss Indictment
CF0151-18, *People of Guam v. Rick Ho Chu*
Page 4 of 4